IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-297-BO-BM

BRITTANY MONET BAINES,          )
                                )
            Plaintiff,          )
                                )
      v.                        )          O R D E R
                                )
CARRINGTON MORTGAGE SERVICES,   )
LLC and AMERICAN CREDIT         )
ACCEPTANCE, LLC,                )
                                )
            Defendants.         )

This cause comes before the Court on the memorandum and recommendation of United States Magistrate Judge Brian S. Meyers. [DE 97]. Magistrate Judge Meyers has recommended, *inter alia*, that defendant American Credit Acceptance's motion to compel arbitration be granted and that defendant Carrington Mortgage Services' motion to dismiss be granted. Plaintiff has filed timely objections to the recommendation of the magistrate judge, [DE 98], as well as an untimely supplemental addendum to her objections. [DE 99]. Defendants have responded to plaintiff's objections, and the matters are ripe for disposition. For the reasons that follow, the memorandum and recommendation of Magistrate Judge Meyers is adopted in full.

BACKGROUND

Plaintiff, proceeding *pro se*, commenced this action by filing a complaint on June 5, 2025. Her claims arise from a mortgage she initiated with defendant Carrington Mortgage Services (CMS) and vehicle financing she entered into with CarMax Auto Superstores, which was subsequently transferred to defendant American Credit Acceptance (AMC). In her original

complaint, plaintiff alleges that defendants engaged in unlawful conduct, including improper debt collection practices, which resulted in negative credit reports and emotional distress. In her original and first amended complaint as allowed by Magistrate Judge Meyers, plaintiff alleges claims against these defendants for violations of the Fair Credit Reporting Act, the Real Estate Settlement Procedures Act, Article 9 of the Uniform Commercial Code (UCC), and VA loan servicing rules as well as claims for abuse of process and misrepresentation and violation of North Carolina's Unfair and Deceptive Trade Practices Act. [DE 1]; [DE 27-2]; *see also* [DE 97] at 7-9.

Defendant ACA has moved to compel arbitration of plaintiff's claims and stay proceedings and defendant CMS has moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). [DE 50]; [DE 56]. Plaintiff has filed motions for entry of default and default judgment, [DE 10]; [DE 11]; [DE 24], a motion for bench trial on damages [DE 14] and a motion for final order. [DE 35]. Plaintiff has also filed a second motion to amend her complaint. [DE 68]. Plaintiff has also filed a number of other motions, include to strike defendant's waiver of service [DE 32], to strike ACA's arbitration demand [DE 76], for sanctions [DE 34], and for judgment on the record. [DE 77].

DISCUSSION

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing pro se objections to a magistrate's recommendation,

2

district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

In her timely filed objections, plaintiff argues that the magistrate judge erred when he considered CMS's pre-service motion to dismiss, that CMS failed to respond to the complaint post-service, warranting entry of default, and that the Court relied on a pre-service motion to dismiss to deny default which was procedurally improper.[1] Plaintiff argues that the Court's Local Civil rules do not override the Federal Rules of Civil Procedure, that the magistrate judge relied on a procedurally defective motion, and that there has been a pattern of judicial error and prejudice. Finally, plaintiff contends that ACA's charge-off and failure to invoke arbitration bars dismissal. [DE 97].

The Court has considered plaintiff's objections to the memorandum and recommendation (M&R), finds none of the objections to have merit, and after considering the challenged portions of the M&R de novo finds that the M&R should be adopted.

Plaintiff argues that CMS's motion to dismiss should not have been considered because it was filed prior to her making proper service on CMS with issued summons. CMS executed a waiver of service of summons which it timely filed, and then timely filed its motion to dismiss. *See* [DE 18]; [DE 56]; *see also* Fed. R. Civ. P. 4(d). Plaintiff attached requests for waivers of service to both defendants to her complaint. [DE 1-2]; [DE 1-3]. The requests for waiver of service

---

[1] The Court declines to consider plaintiff's untimely supplemental objections.

3

of summons indicate that the request for waiver was sent on June 10, 2025, and that CMS must file its answer or a Rule 12 motion within sixty days of that date. [DE 18]. CMS filed its motion to dismiss on August 8, 2025, within the time provided. *See* [DE 56].

Plaintiff's argument that the Court cannot consider CMS's motion to dismiss because she later chose to serve CMS with a copy of the summons in December 2025 is without merit. Service via a waiver of service of summons under Fed. R. Civ. P. 4(d) was properly effected, and any later attempts at service by plaintiff were redundant. Accordingly, plaintiff's motions for entry of default against CMS are also without merit. This objection is overruled. Plaintiff's remaining objections to the M&R as they pertain to CMS are general, conclusory, and fail to point the Court to any purported error in the recommendation of the magistrate judge.

As to the recommendation that ACA's motion to compel arbitration be granted, plaintiff's objections are also overruled. Plaintiff argues that ACA's own conduct demonstrates that it waived its right to arbitration, that charge-off reflects ACS's abandonment of its arbitration right, and that ACA did not otherwise timely invoke its right to arbitration. But nothing in this record supports that ACA waived its right to arbitration. A party waives its right to arbitration when it "'so substantially utilizes the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay.'" *MicroStrategy, Inc. v. Lauricia*, 268 F.3d 244, 249 (4th Cir. 2001) (cleaned up, citation omitted).

Plaintiff's objection focuses on conduct which occurred prior to this litigation, and thus does not reflect that ACA "substantially utilize[d] the litigation machinery [.]" *Id.* During the course of this litigation, ACA opposed as premature plaintiff's motion to compel document production prior to filing its motion to compel arbitration. But this does amount to waiver of its right to seek arbitration. *See Patten Grading & Paving, Inc. v. Skanska USA Bldg., Inc.*, 380 F.3d

4

200, 206 (4th Cir. 2004). Moreover, plaintiff has not demonstrated that she suffered any prejudice due to ACA's conduct. *Id.* Accordingly, her objections to the recommendation that ACA's motion to compel arbitration be granted are overruled.

In sum, the Court has considered plaintiff's timely, specific objections to the M&R and finds none to have merit. The Court has further considered the remaining portions of the M&R for clear error and finds none. Plaintiff's objections are overruled and the M&R is adopted in full.

CONCLUSION

For the foregoing reasons, plaintiff's objections to the M&R are OVERRULED and the M&R otherwise contains no clear error. Accordingly, the M&R [DE 97] is ADOPTED in full as the Court's own. CMS's motion to dismiss [DE 56] is GRANTED, plaintiff's second motion to amend [DE 68] is DENIED, and all of plaintiff's claims against CMS are DISMISSED with prejudice.

Plaintiff's motion for entry of default [DE 10], motion for default judgment [DE 11], motion for bench trial on damages [DE 14], first motion to strike [DE 21], second motion for default judgment [DE 24], second motion to strike [DE 32], motion for sanctions [DE 34], and motion for final order [DE 35] are DENIED. Plaintiff's most recent motion for entry of default against CMS [DE 91] is DENIED for those reasons outlined in the M&R which support denial of plaintiff's prior motions for entry of default.

Plaintiff's motion for ruling on the record [DE 64], motion to clarify [DE 70], and motion for judgment on the record [DE 77] are DENIED AS MOOT.

ACA's motion to compel arbitration and stay these proceedings [DE 50] is GRANTED. Plaintiff's motion to strike arbitration demand [DE 76] is DENIED. ACA's second motion to compel arbitration [DE 88] is DENIED AS MOOT. Plaintiff's claims against ACA are hereby

5

REFERRED to arbitration. This action is STAYED in favor of the arbitration proceeding. ACA shall file a status report within sixty days of the date of entry of this order and every ninety days thereafter.

The clerk is DIRECTED to remove this case from the Court's active docket during the pendency of the stay.

SO ORDERED, this __9__ day of March 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6